## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

G2A.COM SP. Z O.O. (LTD.),          :

                         :

          Petitioner,         :

                         :

v.                         :          Misc. No. 17-177-LPS

                         :

UNITED STATES OF AMERICA,      :

                         :

          Respondent.       :

## <u>MEMORANDUM ORDER</u>

Pending is Petitioner G2A.COM Sp. Z o.o. (Ltd.)'s ("Petitioner" or "G2A") Motion for

an Injunction Pending Appeal, filed pursuant to Federal Rule of Civil Procedure 62(c). (D.I. 38)[1]

The relevant facts are outlined in this Court's September 5, 2018 Order granting in part and

denying in part G2A's petition to quash a third-party summons issued by the Internal Revenue

Service ("IRS" or "Respondent") to The Corporation Trust Company ("CTC"). (D.I. 37) G2A

moved to quash the IRS subpoena on CTC, which was issued in response to a request from

Polish tax authorities pursuant to a treaty between the U.S. and Poland. After reviewing the

briefing relating to the pending motion (D.I. 39; D.I. 45; D.I. 46),

**IT IS HEREBY ORDERED THAT** Petitioner's Motion (D.I. 38) is **DENIED**.

---

[1] Respondent argues at length that "G2A's motion should be construed as a request for stay, rather than injunction" because the Court lacks authority to issue an injunction under the circumstances. (*See* D.I. 45 at 2-3) Both parties agree that the test is the same for an injunction and a stay (D.I. 45 at 3-4; D.I. 46 at 2-3), and the Court further finds that the nature of the respective relief would be the same under either ground (D.I. 46 at 1; D.I. 45 at 2-3). Under either scenario, the Court would deny the relief.

1.      To succeed on its motion, G2A must demonstrate (1) a strong showing that it is likely to succeed on the merits in its appeal; (2) that absent an injunction it will be irreparably harmed; (3) that an injunction or stay will not substantially injure Respondent; and (4) that an injunction will not harm the interests of the public. *See Noven Pharm., Inc. v. Mylan Techs. Inc.*, 2018 WL 4007848, at *1 (D. Del. Aug. 22, 2018) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). G2A argues that "an injunction is appropriate because (1) it is certain that G2A will be irreparably harmed if an injunction is not granted; (2) G2A has at least a plausible claim on the merits; and (3) an injunction will in no way prejudice the interests of the Government or the public." (D.I. 39 at ¶ 11)

2.      G2A posits two arguments it believes could prove successful on appeal: "(1) under the terms of the Polish Tax Treaty, the IRS was required to give G2A advance notice before it contacted CTC; and (2) the notice provided to G2A should have been served in compliance with the Hague Convention." (*Id.* at ¶ 16)  In its September 5 decision, the Court wrote:

> [T]he pre-contact notice requirements of § 7602 do not extend to investigations of tax liabilities "for any tax imposed by any other jurisdiction." C.F.R. § 301.7602-2(c)(3)(i)(C); *see also United States v. Stuart*, 489 U.S. 26353, 361-62 (1989) ("By its terms, however, [§ 7602(c)] does not apply to the summons challenged in this case, for [the statute] speaks only to investigations into possible violations of United States revenue laws."). Here, the investigation of G2A is for potential violations of Polish tax law. Thus, G2A was not entitled to pre-contact notice under § 7602.

(D.I. 37 at ¶ 15; *see also* D.I. 45 at 6-7)  Given the clear direction of *Stuart* and § 7602(c), Petitioner has not demonstrated a strong showing that it is likely to succeed on appeal on this issue.

3.      G2A next argues that the Court mistakenly found that "to the extent any inadequacy existed [in the government's service of summons], G2A has failed to demonstrate it was prejudiced by the inadequacy in the notice and has failed to show that the government acted in bad faith in providing G2A notice of the summons." (D.I. 37 ¶ 16) Petitioner has not demonstrated a strong likelihood of succeeding on its position that *United States v. Powell*, 379 U.S. 48, 58 (1964), means "an IRS summons is only enforceable if the Government strictly complies with the administrative requirements for serving notice of such summonses." (D.I. 39 at ¶ 21) Such an interpretation is counter to all but one circuit court which has spoken on the matter. (*See* D.I. 45 at 11) (citing *United States v. Moulton*, 614 F.2d 1063, 1066 (5th Cir. 1980); *Sylvestre v. United States*, 978 F.2d 25, 27-28 (1st Cir. 1992); *Adamowicz v. United States*, 531 F.3d 151, 161 (2d Cir. 2008); *Cook v. United States*, 104 F.3d 886, 889-90 (6th Cir. 1997); *Azis v. United States*, 522 Fed. Appx. 770, 777 (11th Cir. 2013); *but see Jewell v. United States*, 749 F.3d 1295, 1300-01 (10th Cir. 2014)) The Court agrees with Respondent: "The question is not whether the notice violated the Hague Service Convention; it is whether the Service acted in 'good faith.'" (D.I. 45 at 11) Petitioner is not likely to succeed on appeal of this issue.

4.      In seeking to show harm, G2A contends its arguments will be rendered moot and that allowing the IRS to report to Polish authorities will further the nefarious perception of G2A held by Polish authorities. (D.I. 39 at ¶¶ 12-13) G2A simultaneously argues that "[t]here is . . . nothing untoward indicated by CTC's lack of records related to Gate Arena," but that disclosure thereof "is likely to reinforce their [i.e., Poland's] mistaken belief that Gate Arena is a shell company and illegitimate." (*Id.* at ¶ 15) The Court agrees with Respondent that the appeal will not become moot in the absence of the requested relief because "a court could fashion adequate relief," such as by "order[ing] the Service to inform the Polish Tax Authority of the results of the

appeal and that it may not use or must destroy the reported information." (D.I. 45 at 14) (citing *Villarreal v. United States*, 524 Fed. Appx. 419, 422 n.1 (10th Cir. 2013))

5.      The parties agree that the last two prongs, harm to the Respondent and the public interest, should be considered together. (*See* D.I. 39 at ¶ 22; D.I. 45 at 15-16) G2A contends that the only interests at stake are those of Poland, yet that the relevant public interest must not account for foreign interests. (*See* D.I. 39 at ¶ 22; D.I. 46 at ¶ 17) The Court agrees with Respondent that the public interest is promoted by denying an injunction since for "United States and its treaty partners, prompt receipt of requested information plays a critical role in the enforcement of tax laws." (D.I. 45 at 15-16; *see also Inst. of Cetacean Research v. Sea Shepherd Conservation Soc.*, 725 F.3d 940, 946 (9th Cir. 2013) ("[T]here is a public interest in maintaining harmonious international relations."); *Nw. Airlines, Inc. v. R&S Co. S.A.*, 176 F. Supp. 2d 935, 942-43 (D. Minn. 2001) ("The public interest is served by promoting stability in international contracts by enforcing bargained for arbitration clauses.")) These are interests of the ***United States*** and the public ***in this country*** – even as they may coincide with the interests of Poland as well.

Accordingly, G2A's motion for an injunction (D.I. 38) is **DENIED**.

March 4, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE